IN THE UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS ARDAGNA, Individually and on behalf of all others similarly situated,<br><br>                   Plaintiffs,<br>v.<br><br><br>NATIONWIDE TAX EXPERTS, INC. d/b/a NATIONAL TAX EXPERTS, INC.<br><br>&<br><br>JOHN DOE CORPORATIONS 1 THROUGH 10, and OTHER JOHN DOE ENTITIES 1 THROUGH 10, all whose true names are unknown<br><br>                   Defendants. | **CLASS ACTION COMPLAINT**<br><br>Case No.: 1:22-cv-4559<br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff Nicholas Ardagna, individually and on behalf of all others similarly situated, and through undersigned counsel, and for his Complaint against Defendant, Nationwide Tax Experts, Inc. d/b/a National Tax Experts, Inc. ("NTE") and John Doe Corporations 1 Through 10, and Other John Doe Entities 1 Through 10, all whose true names are unknown, ("John Does" and together with NTE, "Defendants") for their violations under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), states to the Court as follows:

**INTRODUCTION**

1. The TCPA was enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 745 (2012).

2. Defendant NTE, upon information and belief, makes auto-dialed calls to individuals

1

across the country.

3. Unfortunately, Defendant does not obtain prior express written consent to place these autodialed telemarketing calls, does not abide by the FTC's do-not-call list, and does not maintain its own internal do-not-call list, and, therefore, is in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. These autodialed calls placed by Defendant caused Plaintiff and class members to suffer actual harm and legal injury. Plaintiff has suffered aggravation, invasion of privacy, nuisance due to receiving such calls. Plaintiff and class members suffered from the diminished use, enjoyment, utility, and value of their telephones as these calls interfered with their access to their cell and residential phones.

5. The TCPA was enacted to protect consumers from unauthorized and unwanted autodialed calls exactly like the ones alleged in this case. See Mims v. Arrow Fin Servs., LLC, 132 S.Ct., 740, 745 (2012). Defendant placed these autodialed calls despite the fact that Plaintiff never provided Defendant with prior express written consent to receive them.

6. Senator Hollings, the TCPA's sponsor described these autodialed calls as "the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).

7. By placing the autodialed calls at issue to individuals on both the FTC do-not-call registry and who should be on an internal do-not-call list, Defendant has violated the privacy and statutory rights of Plaintiff and caused him to suffer actual harm by subjecting him to the aggravation that necessarily accompanies the receipt of such repeated and unauthorized autodialed calls.

8. Plaintiff therefore seeks an injunction requiring Defendant to stop using an autodialer to place telemarketing calls to telephones, to stop allowing phone calls to numbers on the FTC's do-

2

not-call registry, and to maintain and abide by an internal do-not-call registry, as well as an award of actual and statutory damages, together with costs and reasonable attorneys' fees.

## PARTIES

9. Plaintiff Nicholas Ardagna ("Plaintiff") is a resident of the State of Illinois.

10. Defendant NTE is a corporation organized in the state of California with its principal place of business at 500 N. Brand Blvd, Suite #400, Glendale, California 91203.

11. Upon information and belief, Defendants John Doe Corporations 1 through 10 (the "Corporate Defendants") are corporations, the names and addresses of residence of which are unknown.

12. Upon information and belief, Defendants Other Entity Defendants 1 through 10 (the "Other Entity Defendants") are other legal entities, the names of addresses of residences of which are unknown.

## JURISDICTION AND VENUE

13. This Court has personal jurisdiction over Defendant NTE because Defendant NTE frequently transacts business in this state, has made contracts within this state, and/or have committed tortious acts within this state and otherwise has sufficient minimum contacts with the State of Illinois.

14. Venue is proper because a substantial part of the events, actions, and omissions of Defendant, which give rise to the claims and subjects Defendant to liability for this auto-dialed calling campaign and failure to maintain and internal do-not-call list, occurred in this circuit.

15. Plaintiff resides in this venue and received the at-issue calls while in this venue.

16. Plaintiff's area code, (224), is associated with the northern half of Illinois. Thus, any party texting or calling Plaintiff should reasonably expect Plaintiff to reside in this district.

17. Defendant NTE is incorporated in and domiciled in the state of California with its principal place of business located in Glendale, California and attempts to market and sell its services throughout the entire country.

18. Plaintiff is an individual located in Downers Grove, Illinois.

19. Defendant John Does must have interacted with, or otherwise availed themselves of this jurisdiction by communicating with, or instructing others to communicate with Plaintiff, whom they knew resided in this venue.

20. This Court has personal jurisdiction over Defendants because they have purposefully availed itself of this jurisdiction and specifically, this Circuit, as the events giving rise to this lawsuit occurred in and emanated from, in substantial part, this Circuit.

## **TCPA BACKGROUND**

21. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

22. Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robocalls"), finding:

Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.

- - -

Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call…is the only effective means of protecting telephone consumers from this nuisance and privacy invasion. *Id.* § 2(10) and (12); *see also Mims*, 132 S. Ct. at 745.

4

**STANDING**

23. The TCPA, 47 USC 223(b)(3) confers a private right of action to any person an action based on violations the statute.

**FACTUAL ALLEGATIONS**

24. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

25. On or about September 2021, the specific date better known by Defendants, Defendants began contacting Plaintiff via telephone.

26. When the telephone campaign began, these representatives attempted to sell Plaintiff a tax reduction program.

27. The purpose of these calls and text messages were to telemarket products and services to Plaintiff.

28. Plaintiff did not consent to receiving these calls.

29. Plaintiff does not have an existing relationship with NTE.

30. Plaintiff has not inquired with any company about receiving any tax advice or regarding any tax reduction programs.

31. Plaintiff is on the Do Not Call registry.

32. Plaintiff is the regular user, owner, and only individual assigned to the personal phone number (224) 627-7923 and was the recipient of Defendants' phone calls to that number.

33. Plaintiff's personal phone number, (224) 627-7923 is assigned to his personal cellular phone service.

34. Each call that went unanswered by Plaintiff resulted in an automated voicemail being left on his phone.

35. Each voicemail was identical and could only have been sent using a pre-recorded voice.

36. This pre-recorded message offered no way to opt-out.

37. Defendant continued its auto-dialed telemarketing campaign to Plaintiff.

38. Plaintiff's caller ID identified the calls from Defendant NTE Auto as being initiated from various "spoofed" numbers that appear to be legitimate numbers but are really NTE.

39. Plaintiff can be sure each of these numbers are from NTE as the same pre-recorded, artificial voice claiming her name was "Mary Fletcher."

40. Upon information and belief, Defendants engage in a scheme wherein NTE makes unsolicited calls in an attempt to sell tax services to confused or distracted individuals.

41. Upon information and belief, Defendants engage in a scheme where in NTE provide John Does with the information in which they wish to market to in order for John Does to make such calls on their behalf.

42. Plaintiff has received numerous voicemails from, or on behalf of, Defendant NTE including an automated pre-recorded voice.

43. Plaintiff has received at least twenty-seven (27) calls from Defendants in which Plaintiff did not consent to receiving.

44. Upon information and belief, Plaintiff has received well in excess of twenty- seven (27) calls, as to be determined in the discovery phase.

45. Upon answering one of the intrusive phone calls, Defendant's representative confirmed that the company was in fact NTE.

46. Defendant's representative then sent a text message to Plaintiff including his phone number and email, both of which are affiliated with NTE.

47. Plaintiff has not given written consent to receive calls from, or on behalf of Defendants, or any of its representatives or affiliates.

48. Plaintiff does not have a pre-existing business relationship with Defendant NTE or any of its representatives or affiliates.

49. Plaintiff does not owe an alleged debt to Defendant NTE, or any of its representatives or affiliate.

50. Plaintiff has had to constantly endure these phone calls throughout his day as they invaded upon his privacy and solitude.

51. Defendant NTE knew that they continued to call to attempt to telemarket services from an individual who attempted to prevent his phone number from receiving such harassing calls.

52. These continued calls were harassing and intended to frustrate Plaintiff.

53. Upon information and belief, some or all of the calls the Defendant made to the Plaintiff's telephone number were made using an "automatic telephone dialing system" which has the capacity to store and produce telephone numbers to be called, using a random or sequential number generator or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1).

54. Some or all of these calls utilized an artificial and pre-recorded voice to deliver unsolicited information to Plaintiff.

55. Upon information and belief, some or all of these calls were made by John Does at the instruction of NTE.

56. Plaintiff instructed Defendant's agents/representatives to stop calling his device.

57. Even if Defendant believed they had consent to call Plaintiff, Plaintiff made clear that they did not have consent and should cease all calls.

58. Despite clearly and unequivocally revoking any consent Defendant may have believed they had to call Plaintiff, Defendant continued to place automated calls and text messages to Plaintiff.

59. Upon information and belief, Defendant's "systems" include an auto-dialer system and internal Do Not Call Lists.

7

60. Upon information and belief, Defendant continued to call individuals placed on the Do Not Call List despite Defendant's knowledge of their presence on the list, and that it did not possess consent to contact them.

61. Each subsequent call Defendant made to Plaintiff's telephone was knowing and willful and done so without the express consent of Plaintiff.

62. Defendant intentionally harassed and abused Plaintiff on numerous occasions by regularly calling several days in a row.

63. Upon information and belief, Defendant has engaged in business strategies that include marketing through illegal telemarketing calls.

64. Upon information and belief, Defendant has corporate policies to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's line in this case.

65. Not a single call placed by Defendants to Plaintiff was placed for "emergency purposes" as specified in 47 U.S.C. § 277(b)(1)(A).

66. Defendants willfully and knowingly violated the TCPA with respect to Plaintiff.

67. Each phone call placed by Defendant to the Plaintiff's phone without consent caused Plaintiff to suffer the injury of invasion of privacy and the intrusion upon his right of seclusion.

68. Each phone call placed by Defendant to the Plaintiff's phone without consent caused Plaintiff to suffer the injury of unnecessary expenditures to his time. For the calls Plaintiff answered, the time spent on these calls was unnecessary as Plaintiff never consented to receiving such calls and was on the Do Not Call list. Even for unanswered calls, Plaintiff had to waste time silencing the call or waiting for the phone to stop ringing and Plaintiff had to waste time to check his voicemail. This also impaired the usefulness of Plaintiff's phone, which is designed to inform the user of important and legitimate missed communications.

69. Each phone call placed by Defendant to the Plaintiff's phone without consent caused Plaintiff to suffer the injury of occupation of his phone line by unwanted calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant's calls.

70. Each phone call where a voice message was left by Defendant without the consent of the Plaintiff occupied space in Plaintiff's phone.

71. Every phone call placed by Defendant without express consent to Plaintiff's phone resulted in injury of trespass to Plaintiff's chattel, namely his telephone.

72. As a result of the calls described above, Plaintiff was affected in a personal and individualized way through stress, anxiety, nervousness, distress and aggravation.

73. Defendant's conduct has caused Plaintiff to suffer damages including, but not limited to, the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

74. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

## CLASS ALLEGATIONS

75. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

76. The identities of all class members are readily ascertainable from the records of Defendant.

77. Excluded from the Plaintiff's Class are Defendant, and all officers, members, partners, managers, directors, and employees of Defendant, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

78. There are questions of law and fact common to the Plaintiff's Class, which common

9

issues predominate over any issues involving only individual class members. The principal issues are whether Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the TCPA.

79. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

80. Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

81. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

  a. **Numerosity**: Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

  b. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether Defendant's communications with the Plaintiff, including their failure to abide by the FTC do-not-call list and failure to maintain an internal do-not-call list, such as in the above stated claims, violate provisions of the TCPA.

  c. **Typicality**: Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

      d.    **Adequacy**: Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

      e.    **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudication which could establish incompatible standards of conduct for Defendant who, upon information and belief, instigate the autodialed calling of do-not-call registered individuals throughout the United States of America.

82.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the TCPA, and is tantamount to declaratory relief and any monetary relief under the TPCA would be merely incidental to that determination.

83.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

84. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

85. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

86. This cause of action is brought on behalf of Plaintiff and the members of a class.

87. The class consists of all persons whom Defendant's records reflect were called with by Defendant, (a) whose phone numbers are registered with a cellular device or residential phone line; (b) who had not given written consent to be subjected to these calls; or (c) had explicitly revoked or made clear the lack of consent to make such calls; (d) were on the FTC's do-not-call registry; and (e) the Plaintiff asserts that the phone calls described contained violations of the TCPA for making autodialed telemarking calls in which they had no authority or right to make to Plaintiff and all those in the Class.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*
### Autodial Violations

88. Plaintiff, individually and on behalf of all others similarly situated, incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

89. The foregoing acts and omissions of the Defendant constitute violations of the TPCA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq*.

90. Defendant violated the TCPA by (a) initiating a telephone call using an automated dialing system to Plaintiff's cellular telephone number assigned to him, or (b) by the fact that others caused the initiation of those calls on its behalf. *See* C.F.R. 64.1200(a)(1)(iii); 47 U.S.C. § 227(b)(1).

91. The TCPA provides a private right of action, wherein a person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

    a. An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation.

    b. An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater; or

    c. Both such actions.

92. The Court, in its discretion, may treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

93. The TCPA is a strict liability statute and Defendant is liable to Plaintiff, individually, and on behalf of all others similarly situated, even if its actions were only negligent.

94. Defendant knew or should have known that: Plaintiff had not given express permission or invitation for Defendant or anyone else to initiate a telephone call using an automated dialing system to Plaintiff's telephone number to solicit information about Defendant.

95. If the Court finds that Defendant knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (b) of this paragraph. 47 U.S.C. § 227(b)(3).

96. Plaintiff, and all others similarly situated, is also entitled to and do seek injunctive relief prohibiting the Defendants' violation of the TCPA in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court grant Plaintiff, and all others similarly situated, the following relief against the Defendant:

  a. Injunctive relief prohibiting such violations of the TCPA by the Defendant in the future;

  b. As a result of the Defendant's willful and/or knowing violations of 47 U.S.C. § 227, Plaintiff, and all others similarly situated, seek treble damages, as provided by statute, of up to $1,500 for each and every call that violated the TCPA;

  c. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff, and all others similarly situated, seek $500 in statutory damages for each and every call that violated the TCPA;

  d. A declaration that Defendant's conduct violated the TCPA and that this action is just and proper;

  e. An award of costs and such further relief as the Court may deem just and proper;

  f. That this Court award pre-judgment and post-judgment interest at the statutory rate of 9%;

  g. That this Court award Plaintiff's its attorney fees and all expenses incurred in preparing and prosecuting this claim; and

  h. Such other relief as this Court may deem just and proper.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*
### Do Not Call Violations

97. Plaintiff, individually and on behalf of all others similarly situated, incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

98. The foregoing acts and omissions of the Defendant constitute violations of the TPCA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

99. Defendant violated the TCPA by failing to maintain reasonable procedures to place Plaintiff, and all others similarly situated, on their internal do not call list, as well to abide by its internal do not call list once individuals are placed on such a list.

100. Defendant violated the TCPA by failing to abide by the national do not call registry, maintained by the federal government.

101. The TCPA provides a private right of action, wherein a person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

   a. An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation.

   b. An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater; or

   c. Both such actions.

102. The Court, in its discretion, may treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

103. The TCPA is a strict liability statute and Defendants are liable to Plaintiff, individually, and on behalf of all others similarly situated, even if its actions were only negligent.

104. Defendant called a residential telephone subscriber who had registered his telephone number on the national do-not-call registry of persons who do not wish to received telephone solicitations that is maintained by the Federal Government.

105. If the Court finds that Defendant knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (b) of this paragraph. 47 U.S.C. § 227(b)(3).

106. Plaintiff, and all others similarly situated, is also entitled to and do seek injunctive relief prohibiting the Defendant's violation of the TCPA in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court grant Plaintiff, and all others similarly situated, the following relief against the Defendant:

    a. Injunctive relief prohibiting such violations of the TCPA by the Defendant in the future;

    b. As a result of the Defendant's willful and/or knowing violations of 47 U.S.C. § 227, Plaintiff, and all others similarly situated, seek treble damages, as provided by statute, of up to $1,500 for each and every call that violated the TCPA;

    c. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff, and all others similarly situated, seek $500 in statutory damages for each and every call that violated the TCPA;

    d. A declaration that Defendant's conduct violated the TCPA and that this action is just and proper;

    e. An award of costs and such further relief as the Court may deem just and proper;

    f. That this Court award pre-judgment and post-judgment interest at the statutory rate of 9%;

    g. That this Court award Plaintiffs' its attorney fees and all expenses incurred in preparing and prosecuting this claim; and

    h. Such other relief as this Court may deem just and proper.

## **JURY DEMAND**

107. Plaintiff hereby demands a jury trial on all counts so triable.

Dated: August 26, 2022

Respectfully Submitted,

**HALVORSEN KLOTE**

By: /s/ Joel S. Halvorsen

Joel S. Halvorsen, #67032
680 Craig Road, Suite 104
St. Louis, MO 63141
P: (314) 451-1314
F: (314) 787-4323
joel@hklawstl.com
*Attorneys for Plaintiffs*